| | |
|---|---|
| 1 | KAMALA D. HARRIS<br>Attorney General of California |
| 2 | JEFFREY R. VINCENT<br>Supervising Deputy Attorney General |
| 3 | KYMBERLY E. SPEER<br>Deputy Attorney General |
| 4 | State Bar No. 121703<br> 1515 Clay Street, 20th Floor |
| 5 | P.O. Box 70550<br> Oakland, CA  94612-0550 |
| 6 | Telephone:  (510) 622-2252<br> Fax:  (510) 622-2121 |
| 7 | E-mail:  Kymberly.Speer@doj.ca.gov |

*IT IS SO ORDERED*
*Judge Maria-Elena James*

DATED: 7/18/2016

*Attorneys for Defendants CHP Officers Nibecker and Wheeler*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Klamut,**<br><br>                                                      Plaintiff,<br><br>    v.<br><br>**California Highway Patrol, et al.,**<br><br>                                                      Defendants. | Case No. 3:15-cv-02132 MEJ<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Courtroom:  B, 15th Floor<br>Judge:           The Honorable Maria-Elena James<br>Trial Date:    March 6, 2017<br>Action Filed:  May 11, 2015 |

The following Stipulated Protective Order shall govern the use and disclosure of the documents and materials listed herein, and any other documents that are designated "confidential" by the producing party.

**ITEMS SUBJECT TO THIS STIPULATED PROTECTIVE ORDER**

- CHP 215 – Notice to Appear/POS
- CHP 180 – Vehicle Report
- CHP 36 – Evidence-Property Receipt no. E20130049
- CHP 36 – Evidence-Property Receipt no. E20130042-735

- CHP 216 – Arrest Investigation Report
- JUS 36 – Adult Disposition of Arrest
- HPM 70.6 Ch.1 re CEW and Less Lethal
- VCGCB claim
- VCGCB Board Claim Rejection Letter
- VCGCB Complex Issue Rejection Letter
- Monterey Co. Sheriff's Crime/Incident Report
- Video of plaintiff in hospital
- 49 photographs
- Incident Detail Report
- Conductive energy Weapon – Area Field-Use Report (Wheeler)
- Conductive energy Weapon – Area Field-Use Report (Nibecker)
- CEW data printouts
- MVARS #1
- MVARS #2

## **TERMS AND CONDITIONS OF STIPULATED PROTECTIVE ORDER**

Production of the documents and materials listed above will be subject to the following conditions and the Court's Protective Order:

1. The documents, materials and their contents may be used by plaintiff and his counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

2. The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or his counsel, representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the

parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation; and (d) the Court in this action, filed under seal, for purposes of this litigation.

3. Plaintiff's expert consultants must sign an acknowledgment and agreement to be bound by the terms of this Stipulation for Protective Order and Order, an executed copy of which will be provided to defendant's counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation. The acknowledgment and agreement must contain the following language:

> "As an expert witness for the plaintiff in this lawsuit, I hereby acknowledge receipt of a copy of the signed Stipulation for Protective Order and Order, approved and entered by the Court in this action, and I agree to be bound by all terms and conditions in that Protective Order and recognize that I may be personally found in contempt of Court or subject to other sanctions determined by the Court should I violate any term or condition in that Protective Order."

4. All documents and materials produced subject to this Stipulated Protective Order will be clearly marked "Confidential" to indicate that they are subject to this Protective Order.

5. Except for documents and materials filed under seal by the court, all originals and copies of documents and materials produced subject to this Stipulated Protective Order shall be returned to defendant's counsel within ten (10) days after final termination of this litigation, whether such termination occurs by settlement, judgment, dismissal, appeal or otherwise.

6. This Protective Order does not in any way affect or prejudice the right of any party at the time of trial or other proceedings in this action to object to the admissibility of said documents or materials at the trial or in other proceedings of this action.

7. Any writings or other documents stipulated in writing by the parties to be confidential and subject to this Stipulated Protective Order, and produced subsequent to the date this Protective Order is signed by the Court, shall also be subject to all the terms of this Stipulated Protective Order.

8. If any party intends to file a motion that includes as an exhibit any writing(s) subject to this Protective Order, that party shall meet and confer with the opposing party. If the

producing party maintains its position that the documents are confidential, the party intending to file the documents must file a motion to file the documents under seal pursuant to Local Rule 79-5 of the Northern District of California.

9. Violation of this Protective Order by any party or any other person, including but not limited to any party's expert witnesses and consultants, will result in sanctions to be determined by the Court upon application by any other party.

10. This Stipulated Protective Order and the obligations of all persons subject to it, including those relating to the disclosure and use of the materials specified herein, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise.

11. Nothing in this Stipulated Protective Order is intended to prevent authorized individuals from having access to the documents and materials specified herein to which they would have had access in the normal course of their duties.

**SO STIPULATED.**

Dated: July 15, 2016

/s/ *Stanley Goff*
STANLEY GOFF
15 Boardman Place, Suite 2
San Francisco, CA  94103
*Attorneys for Plaintiff William Klamut*

Dated: July 13, 2016                          Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General


/s/ *Kymberly E. Speer*
KYMBERLY E. SPEER
Deputy Attorney General
*Attorneys for Defendants CHP Officers Nibecker and Wheeler*

OK2015900747
90671912.doc