UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KLAMUT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02132-MEJ<br><br>**ORDER RE: MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 60 |

　　　　On November 17, 2016, Defendants Officer Seth Nibecker and Sergeant Daniel Wheeler (collectively, "CHP Defendants") filed a motion to file under seal. *See* Mot., Dkt. No. 60. The Motion pertains to Exhibit 1 to the Declaration of Stanley Goff, which was filed in Support of Plaintiff William Klamut's Opposition to the CHP Defendants' Motion for Summary Judgment. *See* Ex. 1, Stanley Decl., Dkt. No. 59-1. Plaintiff did not file an opposition. For the reasons set forth below, the Court **DENIES** the CHP Defendants' Motion.

### LEGAL STANDARD

　　　　There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public").

Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

**DISCUSSION**

The "compelling reasons" standard applies to the CHP Defendants' Motion, as it pertains to Defendants' dispositive Motion for Summary Judgment. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010); *Kamakana*, 447 F.3d at 1179 ("[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."). The CHP Defendants fail to show that compelling reasons exist to justify sealing.

Exhibit 1 purports to be a video that "shows that the plaintiff was not posing any threat or actively resisting when he was tased by defendant Wheeler several times and shot with a less lethal shotgun by defendant Nibecker from less than 15 feet away several times." Goff Decl. ¶ 2. The CHP Defendants contend Exhibit 1 is subject to the protective order entered on July 18, 2016. Mot. at 1-2; *see* Protective Order, Dkt. No. 44. The protective order identifies documents subject to the order, including photographs, CHP mobile video and audio recording system ("MVARS") records, and other documents the producing party designates as "confidential." Protective Order at 1-2. Paragraph 2 of the protective order provides that

> [t]he documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or his counsel, representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation; and (d) the Court in this action, filed under seal, for purposes of this litigation.

*Id.* ¶ 2. Paragraph 8 further requires that

> [i]f any party intends to file a motion that includes as an exhibit any writing(s) subject to this Protective Order, that party shall meet and confer with the opposing party. If the producing party maintains its position that the documents are confidential, the party intending to file the documents must file a motion to file the documents under seal pursuant to Local Rule 79-5 of the Northern District of California.

*Id.* ¶ 8. The CHP Defendants argue these provisions required Plaintiff to file Exhibit 1, an

2

MVARS video, under seal and to notify the CHP Defendants that he intended to file a document subject to the protective order in connection with his opposition. Mot. at 2.

But Exhibit 1 consists only of a photocopied image of the CD-ROM that contains the video. *See* Ex. 1. Plaintiff submitted the actual CD-ROM with his chambers copy of his Opposition, but he did not file the video itself on the public docket. To the extent the CHP Defendants request the Court seal the above image, the Court **DENIES** the request. Even if the protective order provides a compelling reason to seal the video, Exhibit 1 does not actually contain the video and there is nothing about the image itself that warrants redaction. To the extent the CHP Defendants wish to seal the video itself, the Court **GRANTS** the Motion. Plaintiff's counsel shall submit the CD-ROM to the Court to be filed under seal.

**IT IS SO ORDERED.**

Dated: November 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge