UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KLAMUT,<br><br>    Plaintiff,<br><br>v.<br><br>NIBECKER, et al.,<br><br>    Defendants. | Case No. 15-cv-02132-MEJ<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE NOS. 1 AND 2**<br><br>Re: Dkt. Nos. 76, 77 |

The Court set a deadline of March 16, 2017 for the parties to file motions in limine in anticipation of the May 15, 2017 trial that is scheduled in this action. *See* Am. Case Management Order ("Am. CMO"), Dkt. No. 50. Plaintiff William Klamut did not file any motions in limine; however, pending before the Court are two motions in limine filed by Defendants. Mot. No. 1, Dkt. No. 76; Mot. No. 2, Dkt. No. 77. Having considered the parties' arguments (when provided), the record in this case, and the relevant legal authority, the Court **GRANTS** both Motions.

**A.  Motion in Limine No. 1**

Defendants move to prohibit Plaintiff from presenting any evidence in the form of an expert opinion, including but not limited to (1) "the use of force or other action tactics by law enforcement officers"; (2) the cause or explanation for Plaintiff's psychotic behavior; (3) the cause of any injury suffered by Plaintiff; or (4) Plaintiff's current physical and psychological medical conditions, including symptoms or causes. Mot. No. 1 at 1. Plaintiff filed no opposition to this Motion.

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>(b) the testimony is based on sufficient facts or data;
>
>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). Rule 37(c) is an "automatic sanction [that] provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . . at a trial[.]" Fed. R. Civ. P. 37 advisory committee notes (1993 amendments).

The Court's initial Case Management Order required the parties to disclose expert witnesses by July 22, 2016. CMO at 1, Dkt. No. 34; *see* Fed. R. Civ. P. 26(a)(2)(D) (parties must make expert "disclosures at the times and in the sequence that the court orders."). Plaintiff did not disclose any expert witnesses. Defendants argue he therefore cannot offer any expert testimony about any issues that require scientific, technical, or specialized knowledge. Mot. No. 1 at 2. "Excluding expert evidence as a sanction for failure to disclose expert witnesses in a timely fashion is automatic and mandatory unless the party can show the violation is either justified or harmless." *Humboldt Baykeeper v. Union Pac. R.R. Co.*, 2010 WL 2179900, at *1 (N.D. Cal. May 27, 2010) (quoting *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 2003 WL 22038700, *2 (C.D. Cal. 2003). Plaintiff makes no attempt to argue his failure to disclose expert witnesses was

1  justified or harmless.  *See Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the

2  burden is on the party facing sanctions to prove harmlessness.").  Accordingly, the Court

3  GRANTS Defendants' Motion in Limine No. 1.

**B.     Motion in Limine No. 2**

Defendants move to exclude testimony or evidence regarding Plaintiff's medical or other special damages on the ground that Plaintiff did not timely disclose such damages as required by Federal Rule of Civil Procedure 26.  *See* Mot. No. 2.

Pursuant to Rule 26,

> a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii).  As noted, Rule 37 prohibits a party who fails to provide information as required by Rule 26 from using that information at trial unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).

In his April 10, 2016 Rule 26 initial disclosures, Plaintiff stated under his "Computation of Damages" "Special Damages: still gathering information[.]"  Vincent Decl., Ex. A at 5, Dkt. No. 78.[1]  On May 6, 2016, Defendant Seth Nibecker propounded an interrogatory asking Plaintiff: "If you claim to have incurred any economic damages as a result of the INCIDENT, specifically describe every such category of damage, including for each the amount, date incurred, and method of calculation."  Vincent Decl., Ex. B at 9.  Plaintiff responded as follows: "At this time, plaintiff is not alleging that suffered economic damage as a result of the incident."  *Id.* at 14 (error in original).  Discovery closed on August 16, 2016.  CMO at 1.

On March 15, 2017, Defendants received Plaintiff's Supplemental Disclosures, in which Plaintiff stated he incurred a total of $41,350.32 in special damages.  *Id.*, Ex. C at 23-25.  Plaintiff did not include or otherwise make available any evidentiary material to support this computation.

---

[1] As most of the exhibits to the Vincent Declaration do not contain page numbers, pin citations to these exhibits refer to the ECF pagination.

Mot. No. 2 at 2.

Plaintiff does not dispute that he failed to timely disclose his computation of special damages as Rule 26(a)(1)(A)(iii) requires. He instead argues his failure was justified and harmless. The Court disagrees.

Plaintiff argues his failure to timely disclose his damages is justified because although his "counsel sent numerous medical authorization notices to the Plaintiff's healthcare provider . . . he was unable to obtain the records through that mode." Opp'n at 3, Dkt. No. 85.[2] It was only "after the discovery cutoff date [and] prior to attending the [March 10, 2017] settlement conference" that Plaintiff was able to have his parents obtain the records. *Id.*

Plaintiff's Opposition provides no details or evidence of his efforts to obtain his medical records, and Plaintiff's counsel did not submit a declaration describing the steps he took to retrieve them. Plaintiff also does not explain why his parents were able to obtain the records while Plaintiff could not. Plaintiff did not seek an extension of the discovery deadline so as to allow him additional time to acquire his medical records, and at no point before March 15, 2017 did he indicate his response to Nibecker's Interrogatory was erroneous. The Court cannot find Plaintiff's failure to disclose his special damages was substantially justified.

Plaintiff further contends his failure to disclose is harmless because "Defendant[s] ha[ve] been aware from the outset of this lawsuit that Plaintiff[ ] [is] seeking substantial medical expenses damages allegedly related to the treatment of injuries caused by the incident." Opp'n at 4. He asserts that he identified "almost all of the medical providers" who treated Plaintiff for his injuries, and thus "Defendant[s] should have been able to obtain the medical records and bills that they needed to depose Plaintiff's treating physicians and to provide records to their experts for review in preparing their opinions in this case." *Id.*; *see* Vincent Decl., Ex. A (Plaintiff's Initial Disclosures listing his medical provider as an "Individual[] Likely to Have Discoverable Information Related to Plaintiff's Claim").

Plaintiff's attempt to shift the burden onto Defendants blatantly ignores his Rule 26

---

[2] Plaintiff's Opposition does not contain page numbers. Accordingly, pin citations to the Opposition refer to the ECF pagination.

obligations.  Plaintiff's identification of his medical provider does not relieve him of his duty to disclose his damages.  Rule 26(a)(1)(A)(iii) requires Plaintiff to provide "a computation of each category of damages" with documents supporting any computation, and Defendants were entitled to the timely disclosure of such information.  Plaintiff cannot claim that Defendants' awareness, if any, of Plaintiff's intention to seek unspecified medical damages lessens the harm caused by his failure to disclose.

That Plaintiff "immediately furnished these documents"[3] to Defendants does not mitigate his failure to disclose.  Opp'n at 3.  Plaintiff does not specify what "these documents" are; however, there is no evidence Plaintiff provided Defendants with the actual records or supporting materials beyond the list of his damages.  *See* Vincent Decl., Ex. C.  Moreover, the fact that the pre-trial conference has yet to take place and trial is forty-four days away does not suggest a lack of harm.  *See id.* at 4 (arguing that because "the pre-trial hearing has not taken place yet and the trial is not to take place for almost another 60 days[,] Plaintiff's violation of Rule 26(a)(1)(A) . . . does not warrant the severe sanction of an order that precludes Plaintiff from introducing any evidence in support of his claim for medical expenses.").[4]  Defendants did not receive Plaintiff's unsupported computation of damages until March 15, 2017—5 days after the settlement conference.  Vincent Decl. ¶ 4.  Without this information, Defendants could not fully evaluate litigation strategy and enter into well-informed settlement negotiations.

Finally, Plaintiff asserts it "is totally incorrect" to characterize his response to Interrogatory No. 9 as "not claiming medical damages as part of his suit."  Opp'n at 6.  Plaintiff avers "[h]e was referring to damages for lost wages."  *Id.*; *see* Klamut Decl. ¶ 3, Dkt. No. 85-1 ("The I honestly believed that the interrogatory 9 was referring to claims for lost wages and I gave than answer based on that belief." (error in original)).  Plaintiff is not proceeding pro se; he is represented by

---

[3] Plaintiff does not specify the date on which he "immediately furnished" the documents to Defendants.  *See* Opp'n.  Defendants state they did not receive his damages until March 15, 2017.  Mot. No. 2 at 2; Vincent Decl. ¶ 4 & Ex. C.

[4] The Court notes there was even less time until trial than Plaintiff suggests in his Opposition.  When Plaintiff filed his brief on March 23, 2017, there were only 53 days until the May 15, 2017 trial.

5

1  counsel who has professional and ethical responsibilities. Plaintiff does not explain why he or his
2  counsel believed "economic damages" referred only to lost wages to the exclusion of any other
3  monetary damages. Interrogatory No. 9 did not specifically refer to "lost wages"; it referred
4  generally to "economic damages" and required Plaintiff to "specifically describe *every such*
5  *category* of damage." Vincent Decl., Ex. B at 9 (emphasis added). If Plaintiff intended to seek
6  medical or special damages, he should have so stated then or timely supplemented his disclosures
7  as required by Rule 26(2)(E).

        Accordingly, the Court GRANTS Defendants' Motion in Limine No 2.

**IT IS SO ORDERED.**

Dated: March 31, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge